THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 9  UNITED STATES OF AMERICA, | CASE NO. CR12-0237-JCC-008 |
| 10                          Plaintiff, | CR12-0375-JCC |
| 11       v. | ORDER GRANTING MOTION TO |
| 12 | REDUCE SENTENCE |
| 13  RAHMAN JOHNSON, | |
| 14                          Defendant. | |

15      This matter comes before the Court on Defendant Rahman Johnson's motion to reduce

16 his sentence (Dkt. No. 946) and the Government's response (Dkt. No. 949). Having thoroughly

17 considered the parties' briefing and the relevant record, the Court finds oral argument

18 unnecessary and hereby GRANTS the motion for the reasons explained herein.

19 **I.      BACKGROUND**

20      On August 28, 2012, Mr. Johnson was arrested under suspicion of conspiracy to

21 distribute controlled substances. He was released on pretrial supervision on September 5, 2012.

22 While on pretrial release, he committed his second offense, felon in possession of a firearm. He

23 was arrested on December 4, 2012 and charged separately for that offense. On March 6, 2013,

24 Mr. Johnson pled guilty to both the conspiracy and possession charges. At sentencing, this Court

25 found the advisory range under the Sentencing Guidelines to be 51-63 months for both offenses.

26 (Dkt. No. 608 at 18.) However, the Court exercised its discretion pursuant to 18 U.S.C. § 3553

1  and imposed a *Booker* variance, sentencing Mr. Johnson to 24 months for the drug offense

2  (CR12-0237-JCC-008) and 72 months for the firearm offense (CR12-0375-JCC) to run

3  consecutively for a total of 96 months. (Dkt. No. 608 at 18–19.)

4       The United States Sentencing Commission ("Commission") identified Mr. Johnson as a

5  defendant who is eligible for a reduction of his sentence under Amendment 782 to the United

6  States Sentencing Guidelines ("USSG") Drug-Quantity Table. The Commission recently

7  amended the Drug Quantity Table in USSG § 2D1.1, reducing a defendant's offense level by two

8  for most drug offenses. USSG Amendment 782. Under the new guideline, Mr. Johnson's

9  combined offense level would be reduced from 18 to 17, which would carry an advisory range of

10  46 to 57 months. (Dkt. No. 946 at 3.) Mr. Johnson now brings this motion, requesting a 12 month

11  reduction in his sentence. (*Id.* at 2.)

12  **II.**  **DISCUSSION**

13       Courts are to observe a two-step approach in considering sentence reductions in light of

14  an amendment to the sentencing guidelines: (1) the court must determine that a reduction is

15  consistent with the policy statements issued by the United States Sentencing Commission,[1] and

16  (2) the court shall consider whether the reduction authorized by any guideline amendment is

17  warranted in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Dillon v. U.S.*,

18  560 U.S. 817, 827 (2010).

19       **A.**  **Applicability of Amendment 782**

20       Under Amendment 782, a defendant is eligible for a sentencing reduction where

21  Amendment 782 applies and where he or she did not already receive a sentence equal to or less

22  than the bottom of the guideline range established by the application of the amendment. *See* 18

23  U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual ("USSG") § 1B1.10(a)(3),

24  (b)(2)(A). A sentence reduction under this process does not constitute a full resentencing; a court

25

26

---

[1] The policy statement at issue is contained in the United States Sentencing Manual at § 1B1.10.

ORDER GRANTING MOTION TO REDUCE
SENTENCE
PAGE - 2

may not reconsider other sentencing determinations not altered by the guideline amendment. USSG § 1B1.10(a)(3) (2014). Amendment 782 applies to conspiracy convictions like Mr. Johnson's. *See* USSG § 2D1.1 (§ 2D1.1 of the USSG includes drug offenses involving attempt or conspiracy); *U.S. v. Cano*, 2015 WL 1983152 at *1–2 (E.D. Cal. May 1, 2015) (applying analysis and reduced sentencing range to a conspiracy conviction, though the defendant's motion was ultimately denied).

### B.       Mr. Johnson's Eligibility for Reduction

18 U.S.C. § 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). USSG § 1B1.10(a), the pertinent policy statement, provides that where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered . . . the court may reduce the defendant's term of imprisonment . . ." *See also Cano*, 2015 WL 1983152 at *1.

Courts generally cannot reduce a defendant's term of imprisonment to anything less than the minimum of the of the new guideline range established by an amendment. USSG § 1B1.10(b)(2)(A); *Dillon*, 560 U.S. at 827. An exception to this rule exists, "if the sentencing court originally imposed a term of imprisonment below the Guidelines range . . . § 1B1.10 authorize[s] a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.* (citing USSG § 1B1.10(b)(2)(B)). However, this exception only applies where the government moved for a reduction in offender score based on "substantial assistance" at the time of original sentencing. *See* USSG § 1B1.10(b)(2)(B). If Mr. Johnson's original reduced sentence was not based on substantial assistance to the government, and is still lower than the revised sentence under the retroactive amendment, this Court is without jurisdiction to lower it further.

1     Mr. Johnson's case is somewhat unique in that he had two cases that were sentenced on

2  the same date. Accordingly, the Court addresses both cases in determining whether Mr. Johnson

3  is eligible for a reduction.

4              1.  <u>Mr. Johnson's Drug Conspiracy Sentence</u>

5     Based on a criminal history category of V, and a total offense level of 17, the guideline

6  range for Mr. Johnson's drug conspiracy conviction was 46 to 57 months. (Dkt. No. 608 at 18.)

7  The guideline range for both offenses was 51 to 63 months. (*Id.*) The Court sentenced Mr.

8  Johnson to 24 months for his drug conspiracy conviction. (*Id.*) The downward departure from the

9  advised range was not based on "substantial assistance" to the government.

10     Under Amendment 782, the new guideline range for both offenses is 46 to 57 months.

11  (Dkt. No. 946 at 3; Dkt. No 949 at 11.) Were this Court to consider the drug charge separately,

12  the total offense level would be 15. (Dkt. No. 949 at 12, n.5.) With a criminal history category of

13  V, the advisory range would be 37 to 46 months. (*Id.*) In either case, Mr. Johnson's original

14  sentence is still lower than the minimum of the new guideline range established by the

15  amendment. Because the original downward departure was not based on "substantial assistance"

16  to the government, the Court's hands are tied; any considerations that warranted sentencing Mr.

17  Johnson below the original guideline range do not authorize the Court to make a comparable

18  reduction under a new guideline range. As his original sentence is already lower than the

19  maximum reduction to which he would be entitled, the Court lacks jurisdiction to reduce Mr.

20  Johnson's sentence.

21              2.  <u>Mr. Johnson's Felon in Possession Charge</u>

22     For Mr. Johnson's felon in possession conviction, a criminal history category of V and a

23  total offense level of 12, the guideline range was 24 to 30 months. (Dkt. No. 608 at 18.) The

24  guideline range for both offenses was 51 to 63 months. (*Id.*) The Court imposed a 72 month

25  sentence for the gun charge, to run consecutively to the 24 months for the drug charge. (*Id.* at

26  18–19.) As a result of Amendment 782, Mr. Johnson's combined applicable sentencing range has

been reduced. Mr. Johnson's original sentence of 72 months is above the minimum of the revised advisory range, 46 to 57 months. (Dkt. No. 949 at 12–13.) The Government agrees that the Court has the authority to reduce the firearm offense.[2] Mr. Johnson is technically eligible for a reduction to 46 months, however given the Court's position at sentencing, he recognizes that such a reduction would be unreasonable, and requests a reduction of 12 months, resulting in an 84 month sentence. The Court therefore proceeds to determine whether a reduction is warranted in light of the 18 U.S.C. § 3553(a) factors.

### C.      18 U.S.C. § 3553(a) Factors as Applied to Mr. Johnson

Even though Mr. Johnson is eligible for a reduction in sentence, the Court has discretion to deny a reduction after consideration of the applicable 18 U.S.C. § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 826; USSG § 1B1.10, App. Note 1(B). Because the Court cannot generally disrupt earlier guideline application decisions, it considers only those § 3553(a) factors that have changed since initial sentencing. Earlier considerations will stand regarding "the nature and circumstances of the offense," § 3553(a)(1), and "the need for the sentence imposed—to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A). The Court already recognized the severity of the crime in its original offense level calculations.

The present inquiry pertains to those factors that have changed since Mr. Johnson's initial sentencing. Specifically relevant to Mr. Johnson are "the history and characteristics of the defendant," § 3553(a)(1), the need "to protect the public from further crimes of the defendant," § 3553(a)(2)(C), and the need to "provide the defendant with needed educational or vocational

---

[2] Defendant initially argued that this Court could revisit its decision to impose consecutive sentences and, as one avenue of relief, change Mr. Johnson's sentences to run concurrently. However, because the Government concedes that Mr. Johnson is eligible for a reduction to his firearm charge, the Court need not consider this argument. Furthermore, the Ninth Circuit arguably foreclosed this argument in *United States v. Aguilar-Canche*, __ F.3d __, 2016 WL 4501687, at *4 (9th Cir. Aug. 29, 2016).

1  training, medical care, or other correctional treatment in the most effective manner,"

2  § 3553(a)(2)(D). Congress mandates that "[n]o limitation shall be placed on the information" that

3  the Court may consider "concerning the background, character, and conduct of a person

4  convicted of an offense." 18 U.S.C. § 3661.; *see* Guidelines 1B1.4 (2010). Ultimately, the Court

5  "shall impose a sentence sufficient, but not greater than necessary" to satisfy the § 3553 factors.

6  18 U.S.C. § 3553(a).

7      In examining the history and characteristics of the defendant, a court may consider the

8  defendant's "post-sentencing conduct" pursuant to the Sentencing Guideline 1B1.10 n.1(B)(iii).

9  *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (it is the "court's duty" to sentence

10  defendant "as he stands before the court on the day of sentencing.") (quoting *United States v.*

11  *Bryson*, 229 F.3d 425, 426 (2d Cir. 2000)). Accordingly, the Court now considers Mr. Johnson as

12  he stands today.

13      The Court recognizes the steps Mr. Johnson has taken to rehabilitate himself. Since being

14  incarcerated, he has earned his G.E.D., and in 2015 alone, has taken 30 classes in prison

15  including classes on parenting, financial responsibility, anger and behavioral management,

16  positive thinking, drug addiction and rehabilitation, and personal growth. (Dkt. No. 946-3–4.) He

17  appears to have made every effort during his incarceration to prepare for a successful reentry into

18  society as a productive member of his community and as a better father to his son. (Dkt. No.

19  946-4.) He has the support of his family. (Dkt. No. 946-5.) Even the mother of his child—who

20  was involved in the ambush and drive by shooting which led to Mr. Johnson's arrest for felon in

21  possession of a firearm—supports an earlier release date for Mr. Johnson, explaining the

22  struggles their son is experiencing in Mr. Johnson's absence. (*Id.*)

23      As for the need "to protect the public from further crimes of the defendant,"

24  § 3553(a)(2)(C), and to "provide the defendant with needed educational or vocational training,

25  medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D), the

26  above discussion is relevant. Mr. Johnson does have a significant criminal history, however

1  through his post-sentence actions, he has demonstrated a commitment to change. With this in

2  mind, the likelihood of him reoffending is greatly reduced, and the protection afforded the public

3  by keeping him incarcerated for the 12 months in question is minimal. Further, given that he is

4  already taking full advantage of the educational and correctional programs available to him, an

5  extra 12 months is not necessary in order to provide more training. Mr. Johnson has shown a

6  serious commitment to bettering his life, both presently and upon his eventual release. While the

7  Court in no way minimizes the seriousness of Mr. Johnson's conduct that lead to his

8  incarceration, his rehabilitative efforts post-sentencing counsel in favor of a reduction in his

9  sentence. Based on an initial sentence of 96 months, and a new advisory range of 46 to 57

10  months, the Court finds Mr. Johnson's request for a 12 month reduction reasonable.

11  **III.   CONCLUSION**

12        For the foregoing reasons, the Court GRANTS Mr. Johnson's motion for a reduced

13  sentence (Dkt. No. 946). The Court hereby ORDERS that, based on Amendment 782, Mr.

14  Johnson's sentence is reduced by 12 months, to a total of 84 months. This order does not affect

15  the length of time of his supervised release.

16

17        DATED this 18th day of October 2016.

18

19

20

21

22

23                            John C. Coughenour

24                           UNITED STATES DISTRICT JUDGE

25

26

ORDER GRANTING MOTION TO REDUCE
SENTENCE
PAGE - 7